IN THE UNITED STATES COURT FOR THE DISTRICT OF UTAH

CENTRAL DIVISION

| | |
|---|---|
| RACHEL MARIE SOUTHWICK HICKEY MOOSMAN,<br><br>    Plaintiff,<br><br>vs.<br><br>CHRISTIAN FREDERICK HICKEY, et al.,<br><br>    Defendants. | MEMORANDUM DECISION AND ORDER ON PENDING MOTIONS, OBJECTIONS, AND NOTICES OF APPLICATIONS<br><br><br><br><br><br>Case No. 2:10-CV-486 TS |

I. INTRODUCTION

This case comes before the Court in a confused procedural posture. Before the Court are the following: Plaintiff's Motion for Leave to File an Amended Complaint;[1] Plaintiff's First Motion for a Default Judgment;[2] Defendant Well's Fargo's Objection to Plaintiff's proposed Findings, Conclusions and Order;[3] Well's Fargo's Motion to Strike Plaintiff's proposed Findings, Conclusions, and Order; Plaintiff's Notice of Application for

---

[1]Docket No. 15.

[2]Docket No. 18.

[3]Docket No. 18, at 6-10.

1

a Writ of Execution,[4] and Defendant First American Title's Objection to the Notice of Application for a Writ of Execution,[5] and Plaintiff's second Notice of Application for a Writ of Execution.[6] The Court grants the Motion for Leave to File an Amended Complaint, denies the First Motion for a Default Judgment, and finds that the Motion to Strike, the Objections, and Plaintiff's two Notices of Applications for Writ of Execution are moot.

## II. MOTIONS

### A. Plaintiff's Motion for Leave to File an Amended Complaint

This Motion is unopposed.  Therefore, the Court will grant leave to file the proposed First Amended Complaint.  Plaintiff shall file her proposed First Amended Complaint within 14 days of the entry of this Order.  The Court notes that the copy currently in the file as a proposed amendment is insufficient for filing—the First Amended Complaint must be separately filed after the entry of this Order granting leave to file it.

### B. Plaintiff's First Motion for a Default Judgment and Defendant Well's Fargo's Objection to Plaintiff's proposed Findings, Conclusions and Order

The document docketed by Plaintiff's counsel as a First Motion for Default Judgment[7] is actually a copy of Plaintiff's proposed default judgment.  That proposed default judgment appears to relate to Docket No. 10.  Docket No. 10, as filed by Plaintiff's

---

[4]Docket No. 26.

[5]Docket No. 16.  The Court notes that this document is filed as a second Motion for Leave to Amend because leave to amend had not been granted.  The more correct method to file a proposed amended complaint is to attach it as an exhibit to the Motion for Leave to Amend.

[6]Docket No. 28.

[7]Docket No. 18.

counsel, consists of a Motion for Default Certificate,[8] a proposed default certificate,[9] a Motion for Default Judgment,[10] a document styled proposed Findings of Fact and Conclusions of Law, and Order on Motion for Default Judgment[11] (proposed Findings, Conclusion, and Order), a Request to Submit for Decision,[12] and a proposed Notice of Default Judgment.[13]

Thus, when filing Docket No. 10, Plaintiff's counsel inappropriately combined two separate motions, submitted a proposed order as part of the document rather than as a separate attached exhibit,[14] and improperly filed the Request to Submit as part of the Motion prior to the expiration of the time to respond.[15] Because Docket No. 10 contains two separate motions filed as one motion, and because the proposed Findings, Conclusion and Order is not filed as a separate attachment, the docket is confused.[16] This confusion

---

[8]Docket No. 10 at 1-2.

[9]*Id*. at 3.

[10]*Id*. at 4-5.

[11]*Id*. at 6-8.

[12]*Id*. at 9.

[13]*Id*. at 10.

[14]*See* CM/ECF Administrative Procedures, Rule G(1) (providing, in part: "An additional copy of the proposed order, . . . or findings of fact and conclusions of law shall be saved as a PDF file and filed electronically as attachment to the motion to which the order relates or, for other documents, as ordered by the Court."

[15]*See* DUCivR 7-3 (setting forth requirements for requests to submit).

[16]For example, Well's Fargo's Objection and Motion filed at Docket No. 20 appears to be an objection to the docket text order at Docket No. 17, when it is actually

3

is exacerbated by Plaintiff's counsel having chosen to file the improperly combined documents under the docket title "Plaintiff's Motion for Default Judgment" rather than as a motion for entry of default, when entry of such a default must necessarily be entered before it is appropriate to request a default judgment.[17] It appears that Docket No. 18 is the proposed Default Judgment that Plaintiff seeks to have entered in connection with motion for default judgment found at Docket No. 10.[18]

As a result of this confusion, on October 5, 2010, the Court entered a docket text order[19] granting Docket No. 10, which had been docketed by Plaintiff's counsel as Plaintiff's Motion for a Default Judgment against Defendant Hickey. However, an actual default judgment was not entered.[20]

An actual default judgment was not entered because, under Fed. R. Civ. P. 54(b), such a default judgment against less than all of the parties would only be interlocutory and would, therefore, be subject to revision up to the time of the entry of final judgment closing this case. As set forth in Fed. R. Civ. P. 54(b):

> When an action presents more than one claim for relief . . . or when multiple parties are involved, the court may direct entry of a final judgment as to one

---

an objection to and motion to strike the proposed Findings, Conclusion, and Order found at Docket No. 10, at 6-8.

[17]*Compare* Fed. R. Civ. P. 55(a) (entering a default) and 55(b) (entering a default judgment).

[18]Docket No. 10 at 4-5.

[19]Docket No. 17.

[20]*See* Fed. R. Civ. P. 58 (requiring that every judgment "must be set out in a separate document").

or more, but fewer than all, . . . parties only if the court expressly determines that there is no just reason for delay. Otherwise, any order or other decision, however designated, that adjudicates fewer than all of the claims or the right and liabilities of fewer than all of the parties does not end the action as to any of the claims or parties and may be revised at any time before entry of judgment adjudicating all of the claims and all the parties' rights and liabilities.[21]

In the present case the Court cannot find that there is no just reason for delay of entry of a final judgment against Defendant Hickey at the present time. First, Plaintiff has not requested such certification. Second, it is significant that each of the five claims for relief in the Complaint is brought against all of the Defendants and their liability is alleged to be joint and several,[22] but only Defendant Hickey has defaulted.[23] Under controlling Supreme Court case law, *Frow v. De La Vega*,[24] "when one of several defendants who is alleged to be jointly liable defaults, judgment should not be entered against that defendant until the matter has been adjudicated with regard to all defendants or all defendants have defaulted."[25]

---

[21] Fed. R. Civ. P. 54(b).

[22] Docket Nos. 1-3 (Complaint) at 15.

[23] Docket No. 13 Clerk's Entry of Default Certificate as to Christian Frederick Hickey.

[24] 15 Wall. 552, 82 U.S. 552 (1872).

[25] 10A Charles Alan Wright & Arthur R. Miller, Federal Practice & Procedure § 2690 (3d ed. 2005) (citing *Frow*) (hereinafter Wright & Miller); *Hunt v. Inter-Glove Energy, Inc.*, 770 F.2d 145, 147 (10th Cir. 1985) (holding that where complaint's claims were for fraud and securities violations, the Plaintiff having chosen to initiate a single claim involving joint liability, Plaintiff may not split its claim and proceed to damages against the defaulters and then proceed to a separate damages award against the answering defendants).

5

As explained in *Frow*:

> The defaulting defendant has merely lost his standing in court. He will not be entitled to service of notices in the cause, nor to appear in it in any way. He can adduce no evidence, he cannot be heard at the final hearing. But if the suit should be decided against the complainant on the merits, the bill will be dismissed as to all the defendants alike-the defaulter as well as the others. If it be decided in the complainant's favor, he will then be entitled to a final decree against all. But a final decree on the merits against the defaulting defendant alone, pending the continuance of the cause, would be incongruous and illegal.[26]

However, a default judgment may be entered in some circumstances against *severally* liable defendants.[27] But the *Frow* analysis has been extended to cases where Defendants have closely related defenses.[28]

As previously noted, the present record is insufficient to show that there is no just reason for delay in the entry of a final judgment as to Defendant Hickey. Further, under *Frow*, it appears that it would be inappropriate to enter final judgment as to defaulted Defendant Hickey when his liability is alleged to be joint and several with the non-defaulting

---

[26] 82 U.S. at 554. *See also Haines v. Fisher*, 82 F.3d 1503, 1511 (10th Cir. 1996) (holding that entry of judgment of zero against defaulting defendant proper where jury found no damages were proven).

[27] *See* Wright & Miller, *supra* note 24, § 2690 and cases cited therein.

[28] Wright & Miller, *supra* n.24; *In re First T.D. & Inv., Inc.*, 253 F.3d 520, 532 (9th Cir. 2001) (holding "it would be incongruous and unfair to allow the Trustee to prevail against Defaulting Defendants on a legal theory rejected by the bankruptcy court with regard to the Answering Defendants in the same action"); *Gulf Coast Fans, Inc. v. Midwest Elecs. Imps. Inc.*, 740 F.2d 1499, 1512 (11th Cir. 1984) (applying *Frow* and vacating default judgment against defaulting defendant for breach of contract because even though defendants not jointly liable because jury found contract was not breached).

Defendants. Therefore, the Court will deny the request for entry of a default judgment as to Defendant Hickey.

Because the Court is denying Plaintiff's First Motion for Default Judgment, Wells Fargo's Objection to the proposed Findings, Conclusions, and Order is moot.

C. Well's Fargo's Motion to Strike

Wells Fargo also moves to strike Plaintiff's proposed Findings, Conclusions, and Order for two reasons. First, because it addresses the purported joint and several liability of all Defendants, even though there is a default only as to Defendant Hickey. Second, because under Fed. R. Civ. P. 12(f), it is "insufficient, . . . impertinent or scandalous." The Court finds that this Motion to Strike is mooted by the denial of the First Motion for Default Judgment. In addition, Rule 12(f) provides for material to be stricken from "pleadings" and the proposed Findings, Conclusions, and Order is not a pleading.[29]

D. Plaintiff's Two Notices of Application for a Writ of Execution and Defendant First American Title's Objection

Plaintiff's Notice of Application for a Writ of Execution is a copy of the proposed writ of execution. Plaintiff also filed a copy of the same proposed writ as a proposed order relating to the October 5, 2010 docket text order granting the Motion for entry of default judgment.[30] As First American Title points out in its Objection, the proposed Writ purports to execute on "a certain debt of $1,000,000 against *Wells Fargo Bank, American First Title* their successors, assignees (HSBC), officers, agents, and employees" when Plaintiff has

---

[29] *See* Fed. R. Civ. P. 7 (a) (listing allowed pleadings).

[30] Docket No. 25.

not obtained any default or default judgment against Wells Fargo, American First Title or any party other than Hickey. Subsequent to the filing of First American Title's Objection, Plaintiff filed a second Notice of Application for a Writ of Execution (Docket No. 28).[31]

The Court finds that Plaintiff's two Applications for Writs of Execution and America First Title's Objection are mooted by the denial of Plaintiff's First Motion for Default Judgment.

E.  Ex Parte Emails

The Court notes that chambers have been copied with or forwarded two emails sent by Plaintiff's counsel, each of which includes attachments. Pursuant to its standard policy, the Court has not reviewed those emails because they were not copied on all counsel to this case. Plaintiff's counsel is reminded that ex parte contacts with the Court are prohibited. All communications from counsel, including emails, must, with extremely limited exceptions, be copied to all counsel.

### III. ORDER

Based on the foregoing, it is

ORDERED that Plaintiff's unopposed Motion for Leave to File Amended Complaint (Docket No. 5) is GRANTED and Plaintiff shall file her First Amended Complaint within 14 days of the entry of this Order. It is further

ORDERED that Plaintiff's First Motion for a Default Judgment (Docket No. 18) is DENIED. It is further

---

[31] Without explanation, Plaintiff's counsel attaches several documents from a related state court case to the second Notice of Application for a Writ of Execution.

ORDERED that the following are MOOT: Defendant Well's Fargo's Objection to Plaintiff's proposed Findings, Conclusions and Order (Docket No. 20), Well's Fargo's Motion to Strike Plaintiff's proposed Findings, Conclusions, and Order (Docket No. 20); Plaintiff's Notice of Application for a Writ of Execution (Docket No. 26), Defendant First American Title's Objection to the Notice of Application for a Writ of Execution (Docket No. 27), and Plaintiff's second Notice of Application for Writ of Execution (Docket No. 28).

DATED   May 16, 2011.

BY THE COURT:

_____
TED STEWART
United States District Judge