IN THE UNITED STATES COURT FOR THE DISTRICT OF UTAH

CENTRAL DIVISION

| | |
|---|---|
| RACHEL MARIE SOUTHWICK HICKEY MOOSMAN,<br><br>    Plaintiff,<br><br><br>    vs.<br><br><br>CHRISTIAN FREDERICK HICKEY, et al.,<br><br>    Defendants. | MEMORANDUM DECISION AND ORDER DISMISSING CASE<br><br><br><br>Case No. 2:10-CV-486 TS |

This matter is before the Court on Plaintiff's failure to respond to this Court's Order to Show Cause and failure to appear.

## I.  BACKGROUND

On May 16, 2011, the Court entered a memorandum decision and order granting Plaintiff leave to file an amended complaint, denying Plaintiff's Motion for Default Judgment, and denying the remaining motions then pending as moot.[1]  Pursuant to its Memorandum Decision and Order, the Court granted Plaintiff fourteen days within which to file an amended complaint. Plaintiff failed to file an amended complaint in the time allotted by the Court.

---

[1]Docket No. 30.

1

The Court issued an order to show cause why this case should not be dismissed for failure to prosecute on February 21, 2012.[2]  In its Order, the Court warned Plaintiff that failure to respond may result in sanctions, including terminating sanctions.[3]  Plaintiff failed to respond to the Court's Order to Show Cause.  On May 23, 2012, the Court held a hearing to determine Plaintiff's intentions to proceed.  Counsel for Defendants appeared at the hearing. However, Plaintiff failed to appear.

## II.  DISCUSSION

"A district court . . . has discretion to sanction a party for failing to prosecute or defend a case, or for failing to comply with local or federal procedural rules.  Such sanctions may include dismissing the party's case with prejudice or entering judgment against the party."[4]  "The [Federal] [R]ules authorize sanctions, including dismissal, for conduct such as failing to obey discovery orders, Fed.R.Civ.P. 37(b)(2)(A), or failing to comply with court rules or a court order, Fed.R.Civ.P. 41(b)."[5]

The Tenth Circuit has provided the following factors to be considered when determining whether dismissal is an appropriate sanction:

(1) the degree of actual prejudice to the opposing party, (2) the degree of interference with the judicial process, (3) the litigant's culpability, (4) whether the

---

[2]Docket No. 33.

[3]*Id*. at 2.

[4]*Reed v. Bennett,* 312 F.3d 1190, 1195 (10th Cir. 2002) (citing *Hancock v. City of Okla. City*, 857 F.2d 1394, 1396 (10th Cir. 1988)).

[5]*Medlock v. Otsuka Pharm., Inc.*, 2008 WL 243674, at *13 (D. Kan. Jan 29, 2008).

litigant was warned in advance that dismissal was a likely sanction, and (5) whether a lesser sanction would be effective.[6]

"These factors do not constitute a rigid test; rather, they represent criteria for the district court to consider prior to imposing dismissal as a sanction."[7]

With regard to the first factor, the Court finds Defendants have suffered actual prejudice as a result of Plaintiff's failure to comply with this Court's past orders, failure to appear, and overall failure to prosecute her case.  Plaintiff's failure to prosecute this case has resulted in Defendants being forced to expend time and resources appearing and defending in this case for over a year without any action taken by Plaintiff.  The Court finds that this factor weighs in favor of dismissal.

The second factor considers the degree of interference with the judicial process.  As mentioned in the previous factor, Plaintiff has taken no action in this case for over a year.  In that time, the Court has expended its time and resources in an effort to give Plaintiff the opportunity to avail herself of this forum.  Plaintiff has repeatedly failed to respond to this Court's orders and has failed to appear before the Court in a previously scheduled hearing.  Therefore, the Court finds that this factor weighs in favor of dismissal.

The third factor concerns Plaintiff's culpability.  The Court has granted Plaintiff multiple opportunities and more than adequate time to advise the Court of her intentions to proceed.

---

[6]*LaFleur v. Teen Help*, 342 F.3d 1145, 1151 (10th Cir. 2003) (internal quotations and citations omitted).

[7]*Ehrenhaus v. Reynolds*, 965 F.2d 916, 921 (10th Cir. 1992).

Thus, Plaintiff is solely culpable for her failures to appear and prosecute her case.  This factor

weighs in favor of dismissal.

The fourth factor pertains to whether Plaintiff was advised of the possibility that

dismissal was a likely sanction for continued non-compliance.  Here, the Court specifically

advised Plaintiff in its Order to Show Cause that failure to respond may result in sanctions,

including terminating sanctions.  Plaintiff was advised that failure to respond and failure to

appear could result in dismissal of her case.  For this reason, this factor weighs in favor of

dismissal.

The fifth and final factor requires the Court to consider whether a lesser sanction would

be effective.  The Court has granted Plaintiff multiple opportunities to bring herself in

compliance with the orders of this Court.  Given Plaintiff's lack of response, the Court is

persuaded that no lesser sanction will be effective in bringing Plaintiff into compliance with the

Court's orders.  Thus, the Court finds that this factor weighs in favor of dismissal.

In sum, the Court finds that review of the above factors supports a finding that dismissal

pursuant to Fed.R.Civ.P. 41(b) is an appropriate sanction in this case.

## III.  CONCLUSION

Based on the foregoing, it is hereby

ORDERED that pursuant to Fed.R.Civ.P. 41(b) this case is DISMISSED.  The Clerk of

Court is instructed to close this case forthwith.

DATED   May 29, 2012.

BY THE COURT:

_____

TED STEWART
United States District Judge